UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

KONA ICE, INC., a Kentucky corporation,

    Plaintiff,

v.

CHARLEY ABBOTT, individually,

    Defendant.
_____/

## COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff, Kona Ice, Inc. ("Kona Ice"), by and through counsel, sues the Defendant, Charley Abbott ("Defendant"), and states, as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement and arises under the Patent Laws of the United States, Title 35, United States Code.

### THE PARTIES

2. Kona Ice is a Kentucky corporation having its principal place of business at 5945 Centennial Circle, Florence, Kentucky 41042. Kona Ice offers frozen treats, including flavored shaved ice, through service vehicles, and it offers its products throughout the country through franchises.

3. Upon information and belief, Defendant, Charley Abbott, resides at 5750 SW 54th Street, Fort Lauderdale, Florida 33314, and is an individual actively, continuously, and systematically engaging in business in the State of Florida. Defendant has substantial and continuous contacts with this judicial district through his business activities.

## JURISDICTION AND VENUE

4. Federal question jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue in this Court is based upon 28 U.S.C. §§ 1391(b)-(c), and 1400(b). Defendant resides in and has his principal place of business in Fort Lauderdale, Florida, and, as a result, has a regular and established place of business within this district.

## BACKGROUND FACTS

6. Kona Ice has, over the past several years, established a reputation as a supplier of frozen treats, including flavored shaved ice, in the United States. Kona Ice is represented through its franchisees throughout the United States.

7. The technology used by Kona Ice in its service vehicles, through which it offers frozen treats, including flavored shaved ice, is disclosed in United States Patent No. 9,751,447, entitled "Liquid Toppings Dispensing System" ("the '447 patent"), which was duly and legally issued on September 5, 2017. A copy of the '447 patent is attached hereto as Exhibit 1.

8. Kona Ice is the owner by assignment of the '447 patent.

9. Upon information and belief, Defendant uses, operates, and owns, a service vehicle through which he offers frozen treats, including flavored shaved ice ("Defendant's Service Vehicle"). An image of Defendant's Service Vehicle is attached hereto as Exhibit 2.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 9,751,447

10. The allegations of paragraphs 1-9 are incorporated herein by reference as though fully set forth herein.

11. Defendant has infringed and continues to infringe the '447 patent by his operation and use of Defendant's Service Vehicle, through which he offers frozen treats, including

flavored shaved ice.  Defendant has infringed at least Claims 1, 2, 3, 4, 6, 7, and 10 of the '447 patent.

    12.    Claim 1 of the '447 patent recites the following limitations:

A mobile confectionary apparatus, comprising:

a vehicle including at least one upstanding side wall;

an interior space surrounded by the at least one upstanding side wall and configured to receive at least one person;

an opening extending through the at least one upstanding side wall and through which an item may be passed from the interior space to outside of the vehicle; and

a liquid toppings dispensing system including a housing being positioned adjacent to, and opposing, the at least one upstanding side wall and including a plurality of liquid dispensers configured to dispense at least one liquid topping onto the item, each of the plurality of liquid dispensers being in fluid communication with at least one reservoir holding the at least one liquid topping, with the liquid toppings dispensing system being located externally of the at least one upstanding side wall and spaced entirely laterally therefrom by a gap.

    13.    Defendant's Service Vehicle incorporates each of the above recited limitations of Claim 1 of the '447 patent.

14. As can be seen in Exhibit 2, Defendant's Service Vehicle is a mobile confectionary apparatus, in that it is a service truck that can be moved, and it is used to provide confections to customers.

15. As can be seen in Exhibit 2, Defendant's Service Vehicle is a vehicle including at least one upstanding side wall, in that it is a truck, which is a vehicle, and incorporates at least one wall that is used to enclose a rear portion of the truck.

16. As can be seen in Exhibit 2, Defendant's Service Vehicle includes an interior space surrounded by the at least one upstanding side wall and configured to receive at least one person, in that the rear portion of the truck is designed to allow at least one person to be present therein.

17. As can be seen in Exhibit 2, Defendant's Service Vehicle includes an opening extending through the at least one upstanding side wall and through which an item may be passed from the interior space to outside of the vehicle, in that there is a window formed in the side wall, and that window is used to pass items to customers from the inside of the rear portion of the truck.

18. As can be seen in Exhibit 2, Defendant's Service Vehicle includes a liquid toppings dispensing system including a housing, in that it incorporates multiple spigots, enclosed by and supported by a frame, that are used to dispense liquid flavoring onto items sold to customers.  In addition, the liquid toppings dispensing system is positioned adjacent to, and opposing, the at least one upstanding side wall, in that it is in close proximity to, and opposing, the side wall of the truck.  In addition, the liquid toppings dispensing system includes a plurality of liquid dispensers configured to dispense at least one liquid topping onto the item, in that there is more than one spigot used to dispense liquid flavoring onto items sold to customers.  In

addition, each of the plurality of liquid dispensers are in fluid communication with at least one reservoir holding the at least one liquid topping, in that Defendant's Service Vehicle includes containers that house liquid toppings, and each spigot is attached to a container through a hose. In addition, the liquid toppings dispensing system is located externally of the at least one upstanding side wall and spaced entirely laterally therefrom by a gap, in that it is mounted on the outside of the truck, and there is a space between it and the side wall of the truck.

19. As can be seen in Exhibit 2, Defendant's Service Vehicle also incorporates each of the limitations of Claims 2, 3, 4, 6, 7, and 10 of the '447 patent, as recited in Exhibit 1 hereto.

20. Upon information and belief, the acts of infringement complained of herein are being carried out willfully and with full knowledge by Defendant of the '447 patent. To explain, upon information and belief, Defendant is a franchise of Tikiz Shaved Ice & Ice Cream and/or Tikiz Franchising, LLC ("Tikiz"). As a franchise of Tikiz, Defendant is or should be aware from his interactions with Tikiz that Tikiz is aware of and monitors the patents owned by Kona Ice. Upon information, through those interactions, Defendant is aware generally that Kona Ice owns patents relating to service vehicles that provide shaved ice and confections. Upon further information and belief, through those interactions, Defendant may be aware that Kona Ice is the owner of the '447 patent.

21. As a result of these actions by Defendant, Kona Ice has suffered and continues to suffer substantial injury, including irreparable injury, and will result in damages to Kona Ice, including loss of sales and profits, which Kona Ice would have made but for the acts of infringement by Defendant, unless Defendant is enjoined by this Court.

WHEREFORE, Kona Ice prays for relief against Defendant as follows:

A. That a judgment be entered that Defendant has infringed, induced the infringement of, or contributed to the infringement of, United States Patent No. 9,751,447;

B. That Defendant, his agents, sales representatives, servants and employees, associates, attorneys, parents, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or participation with any or all of them, be enjoined and restrained preliminarily during the pendency of this action and thereafter permanently, from infringing United States Patent No. 9,751,447;

C. That a judgment be entered that Defendant be required to pay to Kona Ice all damages sustained by Kona Ice due to such acts of infringement and that such damages be trebled pursuant to 35 U.S.C. § 284 for the willful acts of infringement complained of herein;

D. That this case be adjudged and decreed exceptional under 35 U.S.C. § 285 entitling Kona Ice to an award of its reasonable attorney fees and that such reasonable attorney fees be awarded;

E. That Kona Ice be awarded its costs and prejudgment interest on all damages; and

F. That Kona Ice be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, Kona Ice, Inc., hereby demands and requests trial by jury of all issues raised that are triable by jury.

Respectfully submitted: September 21, 2017.

        GENOVESE JOBLOVE & BATTISTA, P.A.
        *Local Counsel to the Plaintiff*
        200 East Broward Blvd, Suite 1110
        Fort Lauderdale, Florida 33301
        Telephone: (954) 453-8000
        Facsimile: (954) 453-8010

        By: /s/ Benjamin P. Bean_____
         Benjamin P. Bean, Esq.
         Florida Bar No. 72984
         bbean@gjb-law.com
         Barry P. Gruher, Esq.
         Florida Bar No. 960993
         bgruher@gjb-law.com

        WOOD, HERRON & EVANS, L.L.P.
        *Lead Counsel to the Plaintiff*
        441 Vine Street, 2700 Carew Tower
        Cincinnati, Ohio 45202
        (513) 241-2324
        (513) 241-6234 Facsimile

        By: /s/ Brett A. Schatz_____
         Brett A. Schatz, Esq.
         Ohio Reg. No. 0072038
         bschatz@whe-law.com